ORIGINAL

FILED-USDC-NDTX-DA
'24 SEP 10 AM 9:24
KMB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3-24CR-377-S |
| WAN JIN YOON (01)<br>a.k.a. "Sam Yoon" | |

# INFORMATION

The United States Attorney charges:

At all times material to this Information:

## Introduction

1. **Wan Jin Yoon,** also known as "Sam Yoon" was a resident of Denver, Colorado and Plano, Texas.

2. Contractor A was a resident of Aurora, Colorado

3. Individual A was a resident of Aurora, Colorado.

4. USPS Employee A was a resident of Aurora, Colorado and Centennial, Colorado. At all relevant times, USPS Employee A was a Senior Network Operations Analyst for United States Postal Service (USPS). USPS Employee A is related to Individual A.

5. USPS Employee B was a resident of Aurora, Colorado. At all relevant times, USPS Employee B was a Network Specialist for USPS.

Information—Page 1

6. Assured Trucking, Inc. ("Assured Trucking") was a company based in Aurora, Colorado providing shipping and trucking services. Contractor A started Assured Trucking on or about June 3, 2014. **Wan Yoon** worked for Assured Trucking from at least 2015 to November 2018.

7. Postal Box Inc. ("Postal Box") was a company based in Castle Rock, Colorado providing shipping and trucking services. **Wan Yoon** started Postal Box in approximately November 2015.

Count One
Conspiracy to Commit Honest Services Wire Fraud
(Violation of 18 U.S.C. § 371 (18 U.S.C. §§ 1343 and 1346))

8. Beginning in or about Fall 2015 and continuing through in or about March 2021, in the Dallas Division of the Northern District of Texas and elsewhere, Defendant **Wan Jin Yoon, a.k.a. "Sam Yoon,"** along with USPS Employee A, USPS Employee B, Contractor A, and Individual A, and other individuals known and unknown to the United States Attorney, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other to pay bribes to USPS Employee A and USPS Employee B intending USPS Employee A and USPS Employee B to be influenced and rewarded in connection with the awarding of USPS service contracts, in violation of 18 U.S.C. §§ 1343 and 1346, all in violation of 18 U.S.C. § 371.

**Object of the Conspiracy**

9. It was the purpose and object of the conspiracy for USPS Employee A and USPS Employee B to solicit and receive bribes from **Wan Yoon,** as well as Contractor A, in exchange for USPS Employee A and USPS Employee B influencing the USPS to

award service contracts to shipping companies owned and operated by **Wan Yoon** and Contractor A.

10. It was further the purpose and object of the conspiracy to conceal the kickback payments from Wan Yoon and Contractor B to USPS Employee A by directing those payments through a company owned by Individual A.

**Manner and Means of the Conspiracy**

11. The defendants sought to accomplish the objects of the conspiracy through the following manner and means, among others:

12. In approximately Fall 2015, **Wan Yoon** conspired with Contractor A and USPS Employee A to help Assured Trucking obtain a USPS service contract in exchange for USPS Employee A receiving proceeds of the contract.

13. In approximately Fall 2015, USPS awarded contract 800LC to Assured Trucking to provide shipping services during peak emergency season from December 1, 2015, through December 31, 2015.

14. On approximately January 21, 2016, USPS paid Assured Trucking approximately $134,009.22 for contract 800LC.

15. After the USPS payment to Assured Trucking, Yoon paid USPS Employee A $2,500 in cash.

16. Beginning in approximately Summer 2017, **Wan Yoon** conspired with Contractor A and USPS Employee A to help Assured Trucking obtain a USPS service contract in exchange for USPS Employee A receiving proceeds of the contract.

17. In approximately December 2017, USPS awarded contract 800ZV to Assured Trucking to provide shipping services for the Denver Postal Distribution Center and elsewhere from approximately December 2017 through February 2018. USPS ultimately extended the contract through June 2018.

18. From approximately January 30, 2018 through July 2, 2018, USPS paid Assured Trucking approximately $1,819,767.87 for contract 800ZV.

19. On or about August 15, 2018, **Wan Yoon** paid USPS Employee A approximately $50,000. Specifically, **Wan Yoon,** at the direction of USPS Employee A, wrote a check to Individual A for $50,000 with the understanding that Individual A would forward that money to USPS Employee A. **Wan Yoon** agreed to do so in order to conceal the payment to USPS Employee A.

20. Additionally, **Wan Yoon** conspired with USPS Employee A and USPS Employee B to have the USPS officials help Postal Box obtain a USPS contract in exchange for USPS Employee A and USPS Employee B receiving proceeds of the contract.

21. In approximately November 2018, USPS awarded two separate contracts, 800N5 and 800N7 to Postal Box to provide shipping services for the Denver Postal Distribution Center and elsewhere from approximately December 2018 through June 2020. USPS ultimately extended both contracts through June 2022.

22. From approximately January 2019 through October 2021, USPS paid Postal Box approximately $12,180,862.48 for services provided under contracts 800N5 and 800N7.

23. From approximately February 2019 through January 2020, **Wan Yoon** paid USPS Employee A approximately $120,000 in cash.

24. From approximately July 2019 through July 2020, **Wan Yoon,** at the direction of USPS Employee A, paid Individual A approximately $971,000 for the benefit of USPS Employee A.  **Wan Yoon** agreed to do so in order to conceal the payment to USPS Employee A.

25. From approximately March 2020 to February 2021, **Wan Yoon,** at the direction of USPS Employee A, paid an associate of Individual A $72,000 for the benefit of USPS Employee A.

26. In February 2021, **Wan Yoon**, at the direction of USPS Employee A, paid Individual A $200,000 for the benefit of USPS Employee A, for contracts received in 2020.

27. From approximately January 2020 through May 2020, **Wan Yoon** paid USPS Employee B approximately $5,000 in cash via an employee of Postal Box.

**Overt Acts**

28. In furtherance of the conspiracy and to effect the objects thereof, the defendants and their coconspirators committed or caused to be committed the following overt acts in the Northern District of Texas and elsewhere:

29. On or about July 9, 2019, **Wan Yoon** knowingly transmitted or caused to be transmitted by means of wire and radio communication in interstate commerce, certain writings, signs, signals, pictures and sounds, to wit a wire transfer in the amount of $100,000 from Postal Box's Wells Fargo Dallas, TX account ending in 2116 to

Individual A's JP Morgan Chase Aurora, Colorado account ending in 9091 via out-of-state financial institution servers.

All in violation of 18 U.S.C. § 371.

Notice of Forfeiture
(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

30. The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c).

31. Upon conviction of the offense set forth in Count One, the defendant, **Wan Yoon**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c), any property, real or person that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including, but not limited to, the following:

   a. $380,000.00 in Charles Schwab Investments Account 3484-3595 in the name Wan Yoon and any other appreciation or proceeds from this property;

   b. 2020 Tesla, Vehicle Identification Number (VIN) 5YJYGDEF1LF025563, titled to Wan Yoon.

32. The above-referenced property subject to forfeiture includes, but is not limited to a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

33. Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficult,

The United States intends to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

         LEIGHA SIMONTON
         UNITED STATES ATTORNEY

         */s/ Marty Basu*

         MARTY BASU
         Assistant United States Attorney
         Illinois Bar No. 6302360
         JOSHUA DETZKY
         Assistant United States Attorney
         New Jersey Bar No. 037172011
         1100 Commerce Street, Third Floor
         Dallas, Texas 75242-1699
         Telephone: 214-659-8600
         Facsimile: 214-659-8812
         Email: marty.basu@usdoj.gov
         Email: joshua.detzky@usdoj.gov