ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:24-CR-00377-S |
| HONG JIN YOON (01)<br>a.k.a. "Jay Yoon" | |

### FACTUAL RESUME

In support of Hong Jin Yoon's plea of guilty to the offense in Count One of the Superseding Information, Yoon, the defendant, Nick Oberheiden and Lynette Byrd, the defendant's attorneys, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 18 U.S.C. § 371 (18 U.S.C. §§ 1343 and 1346), that is, Conspiracy to Commit Honest Services Wire Fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First:*      That the defendant and at least one other person agreed to commit the crime of honest services wire fraud, as charged in the Superseding Information;

*Second:*      That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A (Conspiracy to Commit Offense, 18 U.S.C. § 371); *United States v. Njoku*, 737 F.3d 55, 68 (5th Cir. 2013) ("Section 371 requires proof of an overt act, which Section 1349 does not.")

Factual Resume—Page 1

purpose; and

*Third:* That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Superseding Information, in order to accomplish some object or purpose of the conspiracy.

The elements of Honest Services Wire Fraud, a violation of 18 U.S.C. §§ 1343 and 1346, are as follows:[2]

*First:* That the defendant knowingly devised or intended to devise any scheme to deprive an employer, shareholders, citizens, or government agency, of the intangible right to honest services through soliciting and accepting of bribes;

*Second:* That the scheme to defraud employed false material representations, false material pretenses, false material promises, or concealment of fact;

*Third:* That the defendant transmitted or caused to be transmitted by way of wire, radio, or television communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth:* That the defendant acted with a specific intent to defraud.

## STIPULATED FACTS

1. Hong Jin Yoon admits and agrees that beginning in or about June 2020 and continuing through in or about April 2021, in the Dallas Division of the Northern District of Texas and elsewhere, he, along with USPS Employee A, USPS Employee B, and Individual A, and other individuals known and unknown, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with

---

[2] Fifth Circuit Pattern Jury Instruction 2.57 (Wire Fraud: Money/Property Or Honest Services) (5th Cir. 2019); *United States v. Sanchez*, 502 F. App'x 375, 382 (5th Cir. 2012).

each other to pay bribes to USPS Employee A and USPS Employee B intending USPS Employee A and USPS Employee B to be influenced and rewarded in connection with the awarding of USPS service contracts, in violation of 18 U.S.C. §§ 1343 and 1346, all in violation of 18 U.S.C. § 371.

### Background

2. Yoon agrees that USPS Employee A was a Senior Network Operations Analyst for United States Postal Service ("USPS").

3. Yoon agrees that USPS Employee B was a Network Specialist for USPS.

4. Yoon agrees that Individual A was USPS Employee A's sister.

### JY Logistics USPS Contracts

5. Yoon admits that beginning in approximately June 2020, Yoon conspired with USPS Employee A and USPS Employee B to have the USPS officials help Yoon obtain a USPS contract in exchange for USPS Employee A and USPS Employee B receiving proceeds of the contract.

6. Specifically, Yoon admits and agrees that in approximately June 2020, he met USPS Employee A and USPS Employee B at a restaurant in Denver, Colorado. At the meeting, the three agreed that Yoon would open a trucking business to bid on USPS contracts. USPS Employee A and USPS Employee B would then help Yoon win the contracts and the three would share in the profits of the contracts.

7. Yoon agrees that USPS Employee A and USPS Employee B suggested that Yoon apply for a contract during the holiday peak season, from November through December, because it was the busiest time with the least amount of oversight.

8. Yoon agrees and admits that as part of the agreement, Yoon, USPS Employee A, and USPS Employee B agreed that the profits of the contracts would be split in four equal parts: one portion going back to Yoon's trucking business, one portion going to Yoon, one portion going to USPS Employee A, and one portion going to USPS Employee B.

9. Yoon agrees that shortly after this meeting, in approximately August 2020, he started JY Logistics LLC ("JY Logistics") as a shipping and trucking services company in order to bid on USPS contracts.

10. Yoon agrees and admits that in the Fall of 2020, he applied for USPS service contracts on behalf of JY Logistics

11. Yoon agrees and admits that he collaborated with USPS Employee B in October and November 2020 where USPS Employee B advised Yoon on how to apply for USPS contracts and to suggest bidding prices.

12. Yoon agrees that in approximately November 2020, USPS awarded contract 800AC to JY Logistics to provide shipping services for the Denver Postal Distribution Center during peak emergency season from December 1, 2020 through December 31, 2020.

13. Yoon agrees that from approximately January 2021 through March 2021, USPS paid JY Logistics approximately $1,632,549.94 for services provided under contract 800AC.

14. Yoon agrees and admits that on approximately March 1, 2021, Yoon, at the direction of USPS Employee B, paid an associate of USPS Employee B approximately

$295,275 for the benefit of USPS Employee B. Yoon admits that this payment was a kickback to USPS Employee B. Yoon further admits that the purpose of making the payment through USPS Employee B's associate was to conceal the source of the payment to USPS Employee B.

15. Yoon further agrees and admits that on approximately April 7, 2021, Yoon, at the direction of USPS Employee A, paid Individual A approximately $295,275, for the benefit of USPS Employee A. Yoon admits that this payment was a kickback to USPS Employee A. Yoon further admits that the purpose of making the payment through Individual A was to conceal the source of the payment to USPS Employee A.

16. Specifically, Yoon agrees and admits that on or about April 7, 2021, Yoon knowingly transmitted or caused to be transmitted by means of wire and radio communication in interstate commerce, certain writings, signs, signals, pictures and sounds, to wit a transfer via check from in the amount of $295,275.00 from J.Y. Logistics' Wells Fargo Denver, Colorado account ending in 8887 to Individual A's JP Morgan Chase Aurora, Colorado account ending in 9091 via interstate financial institution servers.

17. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 16 day of September, 2024.

                                        LEIGHA SIMONTON
                                        UNITED STATES ATTORNEY

_____        _____
HONG JIN YOON                          MARTY BASU
Defendant                                              Assistant United States Attorney
                                                    Illinois State Bar No. 6302360
                                                    JOSHUA DETZKY
                                                    Assistant United States Attorney
                                                    New Jersey Bar No. 037172011
_____        1100 Commerce Street, Third Floor
NICK OBERHEIDEN                   Dallas, TX 75242
LYNETTE BYRD                      Tel: 214-659-8600
Attorneys for Defendant            Fax: 214-659-8812
                                                    Email: marty.basu@usdoj.gov
                                                    Email: joshua.detzky@usdoj.gov